**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 97-20185

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MASSOOD DANESH PAJOOH; ALI REZA DADI; and
ANDY AHMAD BOUJABADI,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CR-149-1)
_____

February 10, 1998

Before DAVIS, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellants challenge their convictions for conspiracy to obstruct justice and aiding and abetting each other in committing the substantive offense, all in violation of 18 U.S.C. §§ 371 and 1503. Appellants raise the following issues on appeal:

Whether the evidence was sufficient to support the conviction; whether the district court abused its discretion in giving its instruction to the jury regarding the charge of obstruction of justice; whether the district court abused its discretion in denying defendants' motion for a mistrial based on an alleged

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Giglio</u> violation by the government; whether the district court erred in refusing to disclose a witness' presentence report to defendants for impeachment purposes; whether the district court abused its discretion in admitting appellant Dadi's prior conviction; and whether appellant Dadi received ineffective counsel in violation of his Sixth Amendment right.

After reviewing the record, the briefs of the parties, and argument of counsel, we decline to consider Dadi's ineffective assistance of counsel argument because it was not adequately presented to the district court.[1]

We have considered the other arguments on the merits and find them without merit.

AFFIRMED.

---

[1] Dadi is not without a remedy for his ineffective assistance of counsel claim. He may seek collateral relief under 28 U.S.C. § 2255. <u>See United States v. Ugalde</u>, 861 F.2d 802, 809 (5th Cir. 1988).